HON. DAVID M. GARBER Corporation Counsel, Syracuse
This is in response to your request for an opinion as to whether the City of Syracuse is authorized to enter into a contract with a private collection agency for the collection of animal control fines pursuant to your municipal animal control ordinance.
The ordinance of which you speak regulates the keeping and running at large of dogs as authorized under Article 7, section 126
of the Agriculture and Markets Law. In addition, your ordinance contains provisions which set standards for the humane care and treatment of all animals and prescribe penalties for violations. Article 26 of the Agriculture and Markets Law, however, already contains provisions which regulate the field of cruelty to animals by setting standards and prescribing penalties different from your ordinance. Since your ordinance concerns all animals, a discussion of both Article 7 and Article 26 is necessary.
Article 26 was enacted by chapter 1047 of the Laws of 1965 to accumulate, under one article, all provisions concerning cruelty to animals.
1965 McKinney's Session Laws, chapter 1047, at page 1905, contains a footnote, which states:
 "Note. — The three sections proposed to be repealed by section one of this act, relate to cruelty to animals. Section three of this act relocates in a new article in the Agriculture and Markets Law all the provisions of present Penal Law Article 16, `Animals.' The purpose of this bill, and a companion bill introduced simultaneously herewith, is to treat in a single article in the Agriculture and Markets Law, rather than in the proposed Penal Law, all the provisions of present Penal Law Article 16."
The great detail and broad coverage of Article 26 lead us to conclude that the State Legislature has preempted the field of cruelty to animals and a municipality thereby is not authorized to legislate in that field. Fines imposed under various provisions of Article 26 of the Agriculture and Markets Law, being penal in nature, are to be collected pursuant to provisions of CPL § 420.10, which provides in part:
 "5. Even though the defendant was imprisoned for failure to pay a fine, or has served the period of imprisonment imposed, a fine may be collected in the same manner as a judgment in a civil action. The district attorney may, in his discretion, and must, upon order of the court, institute proceedings to collect such fine."
We find no provision of law whereby the City of Syracuse would be authorized to contract with a collection agency to collect fines imposed for violation of provisions covered under Agriculture and Markets Law, Article 26.
Article 7 represents another field which, in great part, is preempted by the State. In 1975 Atty. Gen. [Inf.] 316, we concluded in substance:
 "It is clear that by the enactment of article 7 in the Agriculture and Markets Law in great detail and the broadest of coverage relating to the licensing and regulation of dogs, the State has preempted the field in that respect except for the additional restrictions it has allowed to be imposed by municipalities not inconsistent with the provisions of the article."
The conclusion we reached was premised largely on the language contained in the case of Robin v. Incorporated Village of Hempstead, 38 A.D.2d 758, affd. 30 N.Y.2d 347 (1972).
Agriculture and Markets Law, §§ 113 and 124, contained within Article 7, prescribe penalties for violation of such Article and a procedure for the recovery of such penalties. Section 124(5), provides in part:
 "Such penalties shall, except as otherwise prescribed in section one hundred and thirteen in relation to failure to obtain a license, be recovered in actions brought by the county treasurer of the county in which such penalties are incurred, in the name of the county, in a court of competent jurisdiction."
Section 113 mandates that the town, city or village clerk shall bring an action for the failure to procure licenses and in addition, provides in part:
 "6. If judgment is rendered against the defendant in such action, an execution shall be issued upon such judgment, and if the execution be returned unsatisfied in whole or in part, the court shall direct a peace officer to seize and dispose of such dog or dogs in the manner provided in section one hundred and fourteen hereof."
Municipalities are empowered to impose restrictions in addition to those enumerated under Article 7 pursuant to section 126, which provides in part:
 "1. Any city, town or village may impose restrictions not inconsistent with the provisions of this article upon the keeping and running at large of dogs, whether licensed or not, within such city, town or village, and may impose penalties for violation of such restrictions of not more than twenty-five dollars for a first violation; not more than fifty dollars for the second violation; and not more than seventy-five dollars for the third violation and all subsequent violations. These penalties may be recovered in a civil action in the name of such town, city or village or such town, city or village may or [sic] enact regulations or ordinances to enforce by fine or imprisonment a violation thereof." (Emphasis supplied.)
Under this section a town, city or village may either prescribe fines or imprisonment for a violation or permit civil actions to be brought. In either event the town, city or village must bring action to enforce their ordinances.
Judiciary Law, § 489, provides in part:
 "No person or co-partnership, engaged directly or indirectly in the business of collection and adjustment of claims, and no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon * * *."
Under the above provision, the City of Syracuse would not be authorized to contract with a collection agency for the collection of animal control fines prior to judgment.
In an informal opinion of the Attorney General dated July 7, 1977 and addressed to Hon. David Garber, we concluded that:
 "* * * fines imposed under provisions of the Vehicle and Traffic Law may be collected in the same manner as a civil action by the district attorney or authorized public officer acting with his consent."
We premised our conclusion on the language of CPL § 420.10, which provides in part:
 "5. Even though the defendant was imprisoned for failure to pay a fine, or has served the period of imprisonment imposed, a fine may be collected in the same manner as a judgment in a civil action. The district attorney may, in his discretion, and must, upon order of the court, institute proceedings to collect such fine."
We now conclude that under the above subdivision fines imposed under the Agriculture and Markets Law and your ordinance may be collected only by the district attorney or authorized public officer acting with his consent.
With regard to the collection of money judgments arising from a civil action we find no provision of law which would authorize the City of Syracuse to contract with a collection agency for the collection of such judgments.
In Seaman v. Fedourich, 16 N.Y.2d 94, 101, the Court of Appeals stated in part:
 "It is axiomatic that local governmental units are creatures of, and exercise only those powers delegated to them by, the State * * *."
From all of the foregoing, we conclude that absent an enabling act of the State Legislature, the City of Syracuse is not authorized to contract with a private collection agency to collect fines or money judgments imposed for violations of provisions under Agriculture and Markets Law, Articles 7 and 26 and under your municipal animal control ordinance.